UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF MISSISSIPPI PUBLIC LANDS )<br>122 Riverside Drive )<br>Greenwood, MS 38930; )<br>  )<br>    and )<br>  )<br>CENTER FOR BIOLOGICAL DIVERSITY, )<br>1333 N. Oracle Rd. )<br>Tucson AZ 85705 )<br>  )<br>  Plaintiffs, )<br>  )<br>vs. )<br>  )<br>DIRK KEMPTHORNE, sued in his official )<br>capacity as U.S. Secretary of the Interior, )<br>Department of the Interior )<br>1849 C Street, N.W. )<br>Washington DC 20240 )<br>  )<br>  Defendant. )<br>_____) | Case No._____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plantiffs challenge Defendant's failure to protect the critical habitat of the Mississippi Gopher Frog, a critically endangered frog, as required by the Endangered Species Act ("ESA") 16 U.S.C. §§ 1531-1544. The Secretary has a mandatory duty to designate critical habitat for threatened and endangered species. 16 U.S.C. §§ 1533(a)(3)(A) and 1533(b)(6)(C); 1533(b)(2). Plaintiffs challenge Defendant's failure to prepare a recovery plan for the Mississippi Gopher Frog as required by 16 U.S.C. §§ 1533(f) and their own policy, 59 Fed. Reg. 34272, 34273 (1994). On December 4th, 2001, Defendant listed the Mississippi Gopher Frog, *Rana capito sevosa*, as an Endangered Species under the ESA. He failed to concurrently designate "critical habitat" for the species and to

1

prepare a recovery plan for the species. Plaintiffs respectfully ask the Court order Defendant's compliance with these statutory duties.

### Preliminary Statement

1. Whenever the Secretary lists a species under the ESA, the Act requires that he concurrently designate the species critical habitat. 16 U.S.C. § 1533.

2. All the protections of the ESA flow from the listing of a species and the designation of it's critical habitat. Unless it is listed as threatened or endangered, the ESA does not provide any protection for a species. Once listed, the species' habitat must also be designated as "critical habitat" in order to receive important procedural and substantive protections provided by the ESA. For example, without a designated critical habitat, the Endangered Species Act's requirement that each federal agency shall insure that any of its actions is not likely to result in the destruction or adverse modification of critical habitat, as outlined in 16 U.S.C. § 1536(a)(2), becomes unenforceable. Forest Guardians v. Babbitt, 174 F.3d 1178, at 1185. (10th Cir. 1999).

3. In addition to his failure to designate critical habitat for the Frog, the Secretary has also failed to prepare a recovery plan for the Mississippi Gopher Frog, as required by the ESA. 16 U.S.C. § 1533(f). "Recovery' is the core goal of the ESA. Failure to have a concrete "recovery plan" makes the recovery of a species less likely.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c) & (g) (ESA's citizen suit provision) and 28 U.S.C. § 1331 (federal question).

5. This Court may grant the relief requested under 28 U.S.C. § 2201-2202 (declaratory and injunctive relief) and 5 U.S.C. § 701-706 (Administrative Procedure

2

Act).

6. Defendant was provided with written notice of his violations of the ESA more than 60 days ago in accordance with 16 U.S.C. § 1540(g)(2). Defendants have refused to remedy their legal violations. As a result, an actual and present controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) and 16 U.S.C. § 1540(g)(3)(A), as Defendant Secretary Dirk Kempthorne officially resides in the District of Columbia and the acts and omissions giving rise to plaintiffs' causes of action occur in this district.

### Parties

8. Plaintiff Friends of Mississippi Public Lands ("FMPL") sues on behalf of itself and its adversely affected members. FMPL is a non-profit environmental organization located in Mississippi, and is comprised of volunteer wilderness and public land advocates dedicated towards the protection of additional wilderness in the National Forests of Mississippi. FMPL members use and enjoy, and intend to continue to use and enjoy, the De Soto National Forest where the Frog is found and which is historic Frog habitat. These lands should be designated as critical habitat under a proper application of the ESA. FMPL's and its members have an interest in the protection, preservation, and restoration of the Frog and its habitat. FMPL's members interests are adversely affected by the lack of a recovery plan for the frog. FMPL's and its members interests have been and are being adversely affected and injured by the Defendant's ESA violations. FMPL's interests will continue to be injured and adversely affected by Defendant's conduct unless the request relief is granted by the court.

9. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("CBD") sues on behalf

3

of itself and its adversely affected members. CBD is a non-profit corporation with tens of thousands of members. CBD is dedicated to the preservation, protection, and restoration of biodiversity, native species, ecosystems, and public lands. The 2001 final rule listing the Mississippi Gopher Frog as an endangered species was a result of litigation brought by CBD. Defendants refusal to designate critical habitat violates the agreement resulting from that litigation. Further, CBD members use and enjoy the lands which would be designated as critical habitat for Frog under the proper application of the ESA. Members enjoy the existence of the Mississippi Gopher Frog while they use these lands. CBD and its members have an interest in the protection, preservation, and restoration of the Frog and its habitat, a critical habitat designation and an adequate recovery plan will protect these interests. CBD and its members interests have been and are being adversely affected and injured by the Defendant's ESA violations. Plaintiffs interests will continue to be injured and adversely affected unless the court grants the requested relief.

10. Defendant DIRK KEMPTHORNE is sued in his official capacity as the Secretary of the Interior (the "Secretary"). The Secretary is the federal official in whom the ESA vests final responsibility for designating critical habitat for species listed under the Act.

**Factual Background**



11. This Mississippi Gopher Frog ("Frog"), *Rana capito sevosa,* is a unique subspecies of the Dusky Gopher Frog. 66 Fed. Reg. 62993 (December 4, 2001 ). The Secretary defines it as those populations of gopher frogs in the lower coastal plain ranging from the Mississippi River in Louisiana to the Mobile River Delta of Alabama.

4

<u>Id</u>. The Frog is short and plump, with short legs and a comparatively large head, giving it a stocky appearance. It's back ranges from black to brown or grey, and is covered in dark spots and warts. It's total length is about three inches. It has a unique mating call, which can be described as a baritone snoring or a motorcycle revving. At the time this species was listed, there remained only about 100 adult frogs.

12. Historically, the Frog occurred in at least nine counties or parishes in Alabama, Mississippi, and Louisiana. At the time of listing in 2001, the Secretary could only find one remaining Frog population in Glen Pond, on the De Soto National Forest in Harrison County, Mississippi.  <u>66 Fed. Reg. 62997 (Dec. 4, 2001)</u>.

13. The Frog's habitat includes both upland sandy habitats historically forested with longleaf pine and isolated temporary wetlands used by the Frog as breeding sites. The frog leaves its eggs in these ephemeral wetlands, attached to various plants. The Frog spends most of its adolescent and adult life underground, in gopher tortoise (*Goherus Polyphemus*) burrows, mammal burrows, and holes in old stumps and other refugia.  <u>Id at 62994</u>.  The Frog's habitat has been dramatically reduced to 2% of its historical range through human inflicted habitat destruction and modification. Human activity such as logging and off road vehicle use has destroyed 98% of the Frog's original long leaf pine forest habitat.  66 Fed. Reg. 62997 (Dec. 4, 2001).

14. The last remaining breeding site in Harrison County, Mississippi is on U.S. Forest Service land, but is bordered on the north by private property. At the time of the Frog's listing in 2001 this private property, located approximately 656 feet [about the length of two football fields] from the breeding pond, was designated for a massive commercial and residential development, including the construction of a 20,000 unit retirement community. The majority of Frogs leaving the breeding site head in a northerly direction towards this private property. <u>Id</u>. Human driven habitat destruction and

5

degradation is a major cause of the Frog's current low numbers and vanished breeding grounds.

## Legal History

15. The Endangered Species Act (hereafter ESA) was passed by Congress in 1973 to conserve endangered and threatened species and the ecosystems they depend upon. 16 U.S.C. § 1531(b).

16. The ESA is designed to protect endangered or threatened species by requiring the Secretary to list, and thereby protect, these species and their "critical" habitats. <u>Sierra Club v. U.S. Fish and Wildlife Serv.</u>, 245 F.3d 434 (5th Cir. 2001). All the protections of the ESA flow from the listing of a species and the designation of it's critical habitat. Unless it is listed as threatened or endangered, the ESA does not provide any protection for a species. Once listed, the species habitat must also be designated as "critical habitat" in order to receive important procedural and substantive protections provided by the ESA, and to accomplish it's conservation.

17. Congress defined an "endangered species" as any species which is in danger of extinction throughout all or a significant portion of its range. 16 U.S.C. § 1532(6). A species is "threatened" if it is "likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532 (20).

18. Congress defined a species' "critical habitat" as "the specific areas within the geographical area occupied by the species, at the time it is listed in accordance with the provisions of section 4 [of the ESA], on which are found those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection; and (ii) specific areas outside the geographical area occupied by the species at the time it is listed in accordance with the provisions of

6

section 4 of the act, upon a determination by the Secretary that such areas are essential for the conservation of the species." 16 U.S.C. § 1532.

19. Congress determined "conservation" would be accomplished when, after employing the use of all methods and procedures necessary, the species is brought to the point at which the measures provided pursuant to the ESA are no longer necessary. 16 U.S.C. §1532(3). To achieve this purpose, the ESA requires the Secretary to "list" species of plants and animals that are facing extinction as either "threatened" or "endangered." 16 U.S.C. § 1533(a)(3)(A)(i).

20. The Secretary must list a species if any of five listing factors is present :

(A) the present or threatened destruction, modification, or curtailment of its habitat or range;

(B) over utilization for commercial, recreational, scientific, or educational purposes;

(C) disease or predation;

(D) the inadequacy of existing regulatory mechanisms; or

(E) other natural or man made factors affecting its continued existence.

16 U.S.C. § 1533(a)(1)(A)-(E). The Secretary must list the species if any of the five factors indicate the species is threatened or endangered. Id. The Secretary's decision to list a species must be based solely on the basis of the best scientific and commercial data available. 16 U.S.C. § 1533(b)(1)(A).

21. The Secretary must designate critical habitat for the species concurrently with it's listing, to the maximum extent prudent and determinable. 16 U.S.C. § 1533(a)(3)(A)(i), 16 U.S.C. § 1533(b)(6)(C). The Secretary "may, from time-to-time thereafter as appropriate, revise such designation." 16 U.S.C. § 1533(a)(3)(A)(ii).

7

22. The Secretary must base the critical habitat determination on the basis of the best scientific data available while taking into consideration the economic impact, the impact on national security, and any other relevant impact of specifying any particular area as critical habitat.  16 U.S.C. § 1533(b)(2).

23. The Secretary's duty to designate critical habitat concurrently with listing a species has only two exceptions: (1) where critical habitat is not "determinable," or (2) where it would not be "prudent" to designate critical habitat.  16 U.S.C. § 1533(a)(3), 16 U.S.C. § 1533(b)(6)(C).

24. If the Secretary determines that critical habitat is "not determinable" the deadline for designating critical habitat may be extended for one-year. 16 U.S.C. § 1533 (b)(6)(C)(ii). After the one year extension, the Secretary must publish a final critical habitat designation based on the data then available. Id.

25. The Secretary may determine that a critical habitat designation for a species is "not prudent" only when:  (1) the species is threatened by taking or other human activity, and identification of critical habitat can be expected to increase the degree of such threat to the species, or (2) designation of critical habitat would not be beneficial to the species. 50 C.F.R. § 424.12(a)(1).

26. Congress has clearly articulated that the "not prudent" exception is to be used sparingly.  "It is only in rare circumstances where the specification of critical habitat concurrently with the listing would not be beneficial to the species."  H.R.Rep.No. 1625, 95th Cong.,2d Sess. 17, reprinted in 1978 U.S.C.C.A.N. 9453, 9467.

27. Once a species habitat is designated as critical habitat, all federal agencies must consult with the Secretary to "insure that any action authorized, funded, or carried

out by [federal agencies] is not likely to jeopardize the continued existence of any endangered species or threatened species <u>or result in the destruction or adverse modification of [its critical habitat]</u>." 16 U.S.C. § 1536(a)(2) (emphasis added).

28.  This critical habitat designation is crucial to the conservation of a threatened or endangered species because without it, the ESA's requirement that each federal agency shall  insure that any of its actions is not likely to result in the destruction or adverse modification of critical habitat becomes unenforceable. <u>Forest Guardians v Babbitt</u>, 174 F.3d 1178, 1185 (10th Cir. 1998) (citing 16 U.S.C. § 1536(a)(2)).

29. The ultimate goal of the ESA is to recover species so that the protections of the Act are no longer needed.  16 U.S.C. § 1533(3).  To accomplish this goal, the ESA requires the Secretary develop and implement "recovery plans" for the conservation and survival of listed species.  16 U.S.C. § 1533(f).  A "recovery plan" must include:

(i) a description of such site specific management actions as may be necessary to achieve the plan's goal for the conservation and survival of the species;

(ii) objective, measurable criteria which, when met, would result in a determination, in accordance with [the ESA] that the species be removed from the list; and

(iii) estimates of the time required and the cost to carry out those measures needed to achieve the plan's goal and to achieve intermediate steps toward the goal.

30. The Secretary policy requires the development of a recovery plan within 2 and one-half years of listing a species.  59 Fed. Reg. 34272, 34273 (July 1, 1994).

9

**Statement of Facts**

31. On May 23rd, 2000, the Secretary published a proposed rule to list the Mississippi Gopher Frog (*Rana capito sevosa*) as endangered under the ESA.

32. December 4th, 2001, the Secretary found designation of critical habitat would be prudent for the Mississippi gopher frog. The Secretary stated that a series of court decisions in the past few years have overturned other determinations he made that designating critical habitat for other species would not be prudent, and that based on the standards applied in these cases, critical habitat should be designated for the Mississippi Gopher Frog. 65 Fed. Reg. 33283, 33289-90 (May 3, 2000). The Secretary further stated: "[w]e will make the final critical habitat determination with the final listing determination for the Mississippi gopher frog." Id. at 33289.

33. On December 4, 2001, the Secretary published a final rule to list the Mississippi Gopher Frog as endangered. 66 Fed. Reg. 62993. But failed to designate critical habitat despite its earlier promise.

34. In this 2001 ruling, the Secretary determined that the range of the Mississippi gopher frog has been reduced to less than 2 percent of its original distribution. Id at 62997. The Secretary cited habitat destruction and degradation as the primary cause of this reduction in range. Specifically, he cited timber sales, residential and commercial development, highway expansion, trash dumping, and damage caused by off road vehicles. Id. at 62998. The Secretary determined human-induced threats in the form of habitat degradation and destruction to be one of the greatest threats to the species. Id. at 62993.

35. Despite determining that protecting the habitat of the Mississippi Gopher Frog

is crucial to it's recovery, the Secretary did not designate critical habitat in his final ruling, citing an insufficient budget as its reason for failing to designate critical habitat. The Secretary further stated he would prepare a critical habitat determination for the Mississippi gopher frog in the future at such time as available resources and priorities allow. Id. at 62993, 63000.  To date the Secretary has failed to designate critical habitat.

36. To date, the Secretary has refused to prepare and implement a recovery plan for the Frog.

**Plaintiffs first claim for relief: Defendant violated section 4 of the Endangered Species Act by failing to designate critical habitat for the Mississippi Gopher Frog.**

37. All proceeding paragraphs incorporated herein by reference.

38. Under section 4 of the ESA, the Secretary must, to the maximum extent prudent and determinable, designate critical habitat concurrently with listing a species as endangered. 16 U.S.C. § 1533 (a)(3)(A).

39. The Secretary refused to designate critical habitat for the Mississippi Gopher Frog at the time of it's listing. 66 Fed. Reg. 63000.

40. The Secretary may only refuse to designate critical habitat concurrently with listing where it is not prudent or determinable. 16 U.S.C. § 1533 (a)(3)(A).

41. Designating critical habitat for the Mississippi Gopher Frog is both prudent and determinable.  66 Fed Reg. 33289

42. The Secretary is not legally relieved of his statutory duty to designate critical habitat due to his budgetary constraints. Conservation Council of Hawaii v. Babbitt, 24 F.Supp.2d 1074, 1078 (D.Haw. 1998); Marbled Murrelet v. Babbitt, 918 F.Supp. 318, 321, n.4 (D.Wash. 1996).  The Secretary must designate critical habitat for the Frog

regardless of budgetary problems.

43. The Secretary is violating a mandatory duty prescribed by the ESA within the meaning of the ESA's citizen suit provision by failing to designate critical habitat for the Mississippi Gopher Frog concurrent with its listing.

44. By failing to designate critical habitat for the Frog the Secretary has unreasonably delayed and unlawfully withheld compliance with the ESA within the meaning of the APA.  16 U.S.C. § 1533(b)(3)(B); 5 U.S.C. § 706.

**Plaintiffs second claim for relief; Defendant's violated the Administrative Procedures Act and section 4 of the Endangered Species Act by failing to prepare a recovery plan for the Mississippi Gopher Frog.**

45. All proceeding paragraphs are incorporated herein by reference.

46. Defendants are required to develop and implement a recovery plan for the conservation and survival of the Mississippi Gopher Frog. 16 U.S.C. § 1533(f).

47. Defendants have violated their non-discretionary duties under Section 4 of the ESA, within the meaning of the ESA's citizen suit provision.  16 U.S.C. § 1540(g)(1)(C).

48.  The Secretary's policy requires the development of a recovery plan within 2 and one-half years of listing a species.  59 Fed. Reg. 34272, 34273 (July 1, 1994).

49.  The Secretary has delayed developing and implementing a recovery plan for the Mississippi gopher frog for over five years, in violation of their own policy and the ESA and APA.

50. Defendants' failure to develop and implement a recovery plan for the highly endangered Mississippi Gopher Frog, in violation of its own policy, constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the APA.  5

U.S.C. § 706.

### **Prayer for Relief**

Plaintiffs respectfully request the Court:

1. Find Defendants refusal to designate critical habitat for the Mississippi Gopher Frog to be in violation of their statutory duties under the Endangered Species Act and the Administrative Procedures Act;

2. Find Defendants failure to prepare and implement a recovery plan to be a violation of the Endangered Species Act and the Administrative Procedures Act.

3. Order Defendants to designate critical habitat for the Mississippi Gopher Frog within a reasonable time;

4. Order Defendants to prepare a recovery plan for the Mississippi Gopher Frog within a reasonable time ;

5. Order the Secretary to pay Plaintiffs' costs of litigation and attorneys fees pursuant to the ESA's citizen suit provision and/or the Equal Access to Justice Act;

6. Order such other relief as the Court deems just and proper.

Respectfully Submitted,

Dated:_____

_____

Michael Senatore
Center for Biological Diversity
1601 Connecticut Avenue, N.W., Suite 701
Washington, D.C. 20009
202-232-1216 (phone)
*Local Counsel for the Plaintiffs*
*Attorney Registration D.C. #453116*

Misty K. Ewegen Esq.
51 Broadway
Freehold, NJ 07728
Phone: (720) 935.8488
E-Mail: misty.ewegen.law@gmail.com
*Attorney for the Plaintiffs*
*Attorney Registration Colorado #38209*

13

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Friends of Mississippi Public Lands and Center for Biological Diversity | Dirk Kempthorne, Sued in his official capacity as Secretary, U.S. Department of the Interior |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael Senatore
Center for Biological
Diversity
1601 Connecticut Ave, N.W.
Suite 701
Washington, D.C. 20009
202-232-1216

Misty Ewegen
51 Broadway
Freehold, NJ 07728
720-935-8488

Case: 1:07-cv-02073
Assigned To : Walton, Reggie B.
Assign. Date : 11/15/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

● **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* 2255 | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
16 U.S.C. 1531 et seq., Endangered Species Act. Challenging Defendant's failure to designate critical habitat for the Mississippi gopher frog.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE November 14, 2007 (15)    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.