IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FRIENDS OF MISSISSIPPI PUBLIC LANDS )
and CENTER FOR BIOLOGICAL DIVERSITY, )
                                     )
          Plaintiffs,                )
                                     )
              v.                     )  Case No. 1:07-CV-02073-RBW (D.D.C.)
                                     )
DIRK KEMPTHORNE,                     )
                                     )
          Defendant.                 )
                                     )
_____ )

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Dirk Kempthorne, U.S. Secretary of the Interior ("Defendant"), by and through

undersigned counsel, hereby asserts defenses to Plaintiffs' Complaint for Declaratory and

Injunctive Relief ("Complaint"), and answers each numbered paragraph as follows:

The introductory unnumbered paragraph contains Plaintiffs' characterization of their

lawsuit, to which no response is required.  The allegations in this paragraph also purport to

characterize the Endangered Species Act and 59 Fed. Reg. 34272, which speaks for themselves

and are the best evidence of their contents.  Any allegations contrary to the plain language are

denied.

**Preliminary Statement**

-1-

1.      Paragraph 1 contains Plaintiffs' characterization of its lawsuit, to which no response is required.  The allegations in this paragraph also purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

2.      Paragraph 2 contains legal conclusions to which no response is required; however, to the extent that it may be deemed an allegation of fact, it is denied.

3.      The first two sentences of Paragraph 3 contain legal conclusions to which no response is required;  however, to the extent that it may be deemed an allegations of fact, it is denied.  Defendant denies the allegation in the third sentence.

### Jurisdiction and Venue

4-7.      Paragraphs 4 through 7 contain legal conclusions to which no response is required.

### Parties

8-9.      Defendant is without knowledge or information sufficient to form a belief in the truth of the allegations in Paragraphs 8 and 9.  Therefore, Defendant denies the allegations in paragraphs 8 and 9.

10.      Defendant admits the allegations in Paragraph 10.

### Factual Background

11.      The allegations in the first and second sentences of Paragraph 11 refer to a final

rule (66 Fed. Reg. 62,993 (Dec. 4, 2001)) published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule. However, Federal Defendants aver that since the listing rule was published, it has become generally accepted that the Mississippi gopher frog is a distinct species, <u>Rana sevosa</u>. The allegations in the third through fifth sentence refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule. Defendant admits the allegations in the sixth sentence. The allegations in the seventh sentence refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule.

12. The allegations in Paragraph 12 refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule.

13. The allegations in Paragraph 13 refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule.

14. The allegations in the first sentence of Paragraph 14 refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule. However, Federal Defendants aver that since the listing rule was published, an additional breeding site as well as a translocation site have been located, both in Jackson County, Mississippi. The allegations in the second and third sentences refer to a final rule published in the <u>Federal Register</u>, which speaks

-3-

for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule. However, Federal Defendants aver that data collected since the final rule was published indicate that frogs leaving the Harrison County breeding site no longer follow any particular direction. The allegations in the fourth sentence refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the rule.

## Legal History

15. The allegations in Paragraph 15 refer to the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the statute.

16. Paragraph 16 contains legal conclusions to which no response is required.

17.-24. The allegations in Paragraphs 17 through 24 refer to the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the statute.

25. The allegations in Paragraph 25 refer to Fish and Wildlife Service ("Service") regulations implementing the ESA, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations contrary to the plain meaning of the regulations.

26. The allegations in Paragraph 26 refer to a 1978 House of Representatives committee report, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations contrary to the plain meaning of the report.

27. The allegations in Paragraph 27 refer to the ESA, which speaks for itself and is

the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the statute.

28.     Paragraph 28 contains legal conclusions to which no response is required.

29.     The allegations in Paragraph 29 refers to the ESA, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the statute.

30.     The allegations in Paragraph 30 refer to a Service policy statement (59 Fed. Reg. 34272, 73 (July 1, 1994)) published in the Federal Register, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the document.

### Statement of Facts

31.     The allegations in Paragraph 31 refer to a proposed rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the rule.

32.     The allegations in Paragraph 32 refer to a proposed rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the rule.  Defendant avers, however, that the proposed rule was published on May 23, 2000, not December 4, 2001 or May 3, 2000.

33.-34.  The allegations in Paragraphs 33 and 34 refer to a final rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the rule.

35.     The allegations in the first and second sentences of Paragraph 35 refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents.   Defendant admits the allegations in the third sentence but aver that the failure to designate critical habitat has been due to a lack of funding.

36.     As to the allegations in Paragraph 36, Defendant admits that the Service has not completed a recovery plan for the Mississippi gopher frog.  Defendant denies the remaining allegations in this paragraph and avers that the Service has taken substantial actions to further the recovery of the species.

**First Claim for Relief**

37.     The responses to the allegations in Paragraphs 1 through 36 of the Complaint are incorporated by reference.

38.     The allegations in Paragraph 38 refer to the ESA, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the statute.

39.     The allegations in Paragraph 39 refer to a final rule published in the <u>Federal Register</u>, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the rule.

40.     The allegations in Paragraph 40 refer to the ESA, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the statute.

41.     The allegations in Paragraph 41 refer to a final rule published in the <u>Federal</u>

Register, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the rule.

42.-44.    Paragraphs 42 through 44 consist of legal conclusions to which no response is required.

## Second Claim for Relief

45.    The responses to the allegations in Paragraphs 1 through 44 of the Complaint are incorporated by reference.

46.    The allegations in Paragraph 46 refer to the ESA, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the statute.

47.    Paragraph 47 contains conclusions of law to which no response is required.

48.    The allegations in Paragraph 48 refer to a Service policy statement published in the Federal Register, which speaks for itself and is the best evidence of its contents.  Defendant denies any allegations contrary to the plain meaning of the document.

49-50.   Paragraphs 49 and 50 contain conclusions of law to which no response is required.

## Prayer for Relief

The remainder of the Complaint states Plaintiffs' prayer for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**GENERAL DENIAL**

Defendant denies any claims in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified.  To the extent that any allegations in the Complaint remain unanswered, Defendant denies them.

**AFFIRMATIVE DEFENSES**

1.  Venue may be more appropriate in another judicial district.

WHEREFORE, Federal Defendants ask the Court to deny all relief sought by Plaintiffs, to grant judgment to Federal Defendants, and to grant Federal Defendants any other appropriate relief.

Respectfully submitted, January 28, 2008

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief

 /s/ Rickey Doyle Turner, Jr.
RICKEY DOYLE TURNER, JR.
Trial Attorney
CO Bar No. 38353
Wildlife & Marine Resources Section
Environment & Natural Resource Division
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0229

-8-

Facsimile: (202) 305-0275

Of Counsel:

MICHAEL STEVENS

Department of the Interior

Office of the Regional Solicitor

75 Spring Street, S.W.

Suite 304

Atlanta, Georgia   30303

Telephone: (404) 331-0722, x238

Facsimile: (404) 730-2682

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be e-filed this January 28, 2008, will be automatically served upon counsel of record, all of whom appear to be subscribed to receive notice from the ECF system.

*s/ Rickey Turner*