IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF MISSISSIPPI PUBLIC LANDS and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 1:07-cv-02073-RBW (D.D.C.) ) ) ) ) ) ) ) |

**<u>STIPULATED SETTLEMENT WITH [PROPOSED] ORDER</u>**

Plaintiff, the Center for Biological Diversity and the Friends of Mississippi Public Lands and Defendants, the U.S. Fish and Wildlife Service and Dirk Kempthorne, Secretary of the Interior ("Secretary"), by and through their undersigned counsel, state as follows:

WHEREAS, in 2001, the Mississippi Gopher Frog was listed as an endangered species pursuant to the Endangered Species Act ("ESA"). 66 Fed. Reg. 62,993 (December 4, 2001).

WHEREAS, under the ESA, the Secretary is required, to the maximum extent prudent and determinable to designate critical habitat concurrently with listing a species as threatened or endangered.

WHEREAS, to date, the Secretary has not designated critical habitat for the Mississippi Gopher Frog.

WHEREAS, on November 15, 2007, Plaintiff filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, 16 U.S.C. § 1531 et seq, alleging that the Secretary failed to comply with the non-discretionary duty to designate critical habitat for the Mississippi Gopher Frog.

WHEREAS, Plaintiff and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint.

WHEREAS, Plaintiff and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The Service shall complete the following for the Mississippi Gopher Frog:

   i.   Submit to the Federal Register a determination as to whether it is prudent to designate critical habitat pursuant to 16 U.S.C. § 1533(a)(3)(A), and if prudent, a proposed critical habitat determination by May 30, 2010.
   ii.  If critical habitat is proposed, a final critical habitat determination to the Federal Register by May 30, 2011.

2. In consideration of Defendants' agreement to meet the deadlines in paragraph 1, Plaintiff agrees to dismiss this action. Notwithstanding the dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

-2-

3. Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

4. The Order entering this Settlement Agreement ("Agreement") may be modified by the Court upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before bringing any matter to the Court. If the parties are unable to resolve the claim within a reasonable time, either party may bring the claim to the Court.

5. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for designating critical habitat under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

6. Defendant agrees that Plaintiff is the "prevailing party" in this action, and agrees to pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g). Therefore, Defendant agrees to settle all of Plaintiff's claims for costs and

attorneys' fees in the above-captioned litigation for a total of $9,986.75. The check will be made payable in the amount of $9,986.75 to Plaintiff's undersigned counsel, Misty K. Ewegen, 51 Broadway, Freehold, New Jersey 07728.

7. Defendant agrees to submit all necessary paperwork to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation.

8. Plaintiff agrees to accept payment of $9,986.75 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.

9. Plaintiff agrees that receipt of this payment from Defendant shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

10. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforseen continuation of this action.

11. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making

any determination required herein, or as to the substance of any final determination.

12. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to make petition findings is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendant reserve all legal and equitable defenses to such a claim.

13. The parties agree that this Settlement Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement and upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

It is so stipulated this 18th day of April, 2008;

| | |
|---|---|
| For Defendants: | RONALD J. TENPAS |
| | Acting Assistant Attorney General |
| | Environment & Natural Resources Division |
| | U.S. Department of Justice |
| | JEAN E. WILLIAMS, Chief |
| | LISA L. RUSSELL, Assistant Chief |
| | |
| | /s/ Rickey Doyle Turner, Jr. |
| | RICKEY DOYLE TURNER, JR. |
| | Trial Attorney |
| | CO Bar No. 38353 |
| | Wildlife & Marine Resources Section |
| | Environment & Natural Resource Division |
| | Benjamin Franklin Station, P.O. Box 7369 |
| | Washington, D.C. 20044-7369 |
| | Telephone: (202) 305-0229 |
| | Facsimile: (202) 305-0275 |
| | |
| For Plaintiffs: | /s/ Misty Ewegen (w/ permission by RDT) |
| | _____ |
| | MISTY EWEGEN, Esq. |
| | 51 Broadway |
| | Freehold, NJ 07728 |
| | Telephone: (720) 935-8488 |
| | misty.ewegen.law@gmail.com |

## **<u>ORDER</u>**

It is ordered that the terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an ORDER of this Court.

Dated: this _____ day of _____, 2008.

_____
United States District Judge